UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br>   Plaintiff,<br><br>   v.<br><br>NANCY M. SMITH,<br>   Defendant,<br><br>and<br><br>CAMDEN NATIONAL BANK<br>(successor by merger to The Bank of Maine,<br>f/k/a Savings Bank of Maine),<br>   Party-in-Interest. | Case No. 2:17-cv-00415-DBH |

## JUDGMENT OF FORECLOSURE AND SALE

This action having been brought to recover a sum certain, to wit, the balance due on the promissory note and mortgage plus fees and costs; and Plaintiff, the United States of America, having moved for and been granted Entry of Default against Defendant Nancy M. Smith; and Party-in-Interest Camden National Bank having not opposed and consented to judgment, and further having admitted all allegations comprising the Complaint; and it appearing that there is no genuine issue as to any material fact; and that the United States of America, plaintiff herein, is entitled to such judgment on the Complaint; and that Defendant is neither an infant nor incompetent persons, nor in the military service of the United States, and that the total amount due to the United States, Farm Service Agency is $201,467.91, it is:

ORDERED, ADJUDGED, AND DECREED that:

1. Defendant has breached the conditions of plaintiff's mortgage and promissory note.

1

2. There is due the United States, Farm Service Agency, the sum total of $201,467.91, comprising $140,215.13 in principal and $61,252.78 in interest, as of March 2, 2018, on the promissory note and mortgage due to such breach.

3. The United States, Farm Service Agency holds first priority in the amount of $201,467.91; Party-in Interest Camden National Bank holds a second priority interest by virtue of its mortgage dated October 5, 2007, and recorded in the Lincoln County Registry of Deeds in Book 3920, Page 107, in the amount of $28,884.23 as of November 4, 2017, with additional daily interest of $2.599 accruing on the unpaid principal balance of $25,298.81 since that date; and there are no public utility easements held by a party in interest.

4. The real property, which is the subject of this action and judgment, is as described in the Complaint and as described in a real estate mortgage executed by Defendant recorded in the Lincoln County Registry of Deeds in Book 3236 at Page 284.

5. If Defendant, or her successors, heirs, or assigns does not pay the plaintiff the amount adjudged to be due herein within 90 days from the date of this Order, a representative of the Farm Service Agency, Department of Agriculture, on behalf of the plaintiff, shall sell the mortgaged real property at public sale pursuant to the requirements of 28 U.S.C. §§ 2001, 2002, and 2004, 14 M.R.S.A. §§ 6323, 6324, and this judgment. Notice of said sale shall be given by publishing a Notice of Sale, in a newspaper of general circulation in Lincoln County, Maine, once a week for four (4) weeks. Such notice will not be published until after the expiration of the redemption period, but not later than 90 days after the expiration of the redemption period. This sale shall be held not less than thirty (30) days nor more than forty-five (45) days from the date of first publication.

6. Defendant shall deliver possession of the real property to plaintiff within ten (10) days after the foreclosure sale.

7. The mortgagee, in its sole discretion, may allow the mortgagor to redeem or reinstate the loan after the expiration of the period of redemption but before the public sale. The mortgagee may convey the property to the mortgagor (redemption) or execute a waiver of foreclosure (reinstatement) and all other rights of all other parties shall remain as if no foreclosure had been commenced.

8. The plaintiff will enter a minimum bid at the foreclosure sale. If it is the successful bidder, it need not remit any funds to the Marshal, provided its bid does not exceed the amount due on its mortgage, costs of this action, and the expenses of sale. The Marshal shall then deliver a deed conveying the mortgaged premises to the purchaser on behalf of the plaintiff. Such deed shall convey the premises free and clear of all interests of Defendant and any person who may have acquired an interest in the premises after the time that the Court's Certificate with respect to this action was filed in the Lincoln County Registry of Deeds. Thereafter, every person shall be forever barred and foreclosed of all rights, claims, liens, and equity of redemption in the mortgaged real property.

9. If someone other than the plaintiff is the successful purchaser, the buyer will be responsible for any real estate taxes, assessments, water or sewer rents which may be due with respect to the mortgaged premises. From the proceeds of the sale of the real property and personal property, the Marshal shall first pay all costs including the costs and expenses of sale; then he shall pay Farm Service Agency the principal amount due on its mortgage totaling $201,467.91, comprising $140,215.13 in principal and $61,252.78 in interest, as of March 2, 2018, on the promissory note and mortgage due to such breach; then she shall pay Party-in

Interest Camden National Bank the amount of $28,884.23 such with such additional daily interest as has accrued.  There being no other parties that have appeared in this action, any surplusage shall then be remitted to defendant.

10. A Report of Sale and Disbursement of any proceeds therefrom shall be filed with the Clerk.  If the plaintiff is the successful purchaser, the report shall indicate the amount of its bid which shall be credited against the amount due under its mortgages and security agreement.

Dated: March 5, 2018

/s/ D. Brock Hornby
U.S. District Judge